IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ARMANDO SANCHEZ | § | |
| VS. | § | CIVIL ACTION NO. 9:20cv139 |
| CITY OF LONGVIEW, ET. AL. | § | |

MEMORANDUM OPINION AND ORDER

Armando Sanchez, an inmate confined in the Gregg County Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Analysis

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue is controlled by 28 U.S.C. § 1391.

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred in Gregg County, Texas. Pursuant to 28 U.S.C. § 124, Gregg County is located in the Eastern District of Texas. As a result, venue regarding plaintiff's claims is proper in this court.

However, while Gregg County is in the Eastern District of Texas, it is in the Tyler Division, rather than the Beaumont Division. None of the events complained of in this lawsuit occurred within the Beaumont Division. Nor do any of the defendants reside in the Beaumont Division.

When a case is filed in the wrong division, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Accordingly, plaintiff's claims will be transferred to the Tyler Division of this court.

## ORDER

For the reasons set forth above, it is **ORDERED** that this matter is transferred to the Tyler Division of this court.

**SIGNED this the 30th day of June, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE